4

DAG

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED IN OPEN COURT
APR 29 2010
CHARLES R. DIARD, JR
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. _____ |
| | * | USAO NO. 07RO00633 |
| v. | * | 10-00064-WS |
| | * | |
| ERIK ADAMS and | * | VIOLATIONS: 18 USC § 1349 |
| LONNA O'STEEN | * | 18 USC § 1341 |
| | | 18 USC § 1343 |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE

1. Between in or about August 2004, continuing through in or about August 31, 2007, in the Southern District of Alabama, and elsewhere, defendants

**ERIK ADAMS and
LONNA O'STEEN,**

did willfully, knowingly and unlawfully combine, conspire, confederate, agree and have a tacit understanding with one another, and with others, both known and unknown to the Grand Jury, to commit certain offenses against the United States, including the following:

To devise and intend to devise a scheme and artifice to defraud mortgage lenders and other lenders of money and property by submitting and causing to be submitted materially false qualifying information and other fraudulent pretenses, representations and promises to obtain mortgage loans and other extensions of credit in "straw borrowers'" names, causing commercial interstate carriers to be used and interstate wire communications to be made to obtain said loans and loan proceeds,

and for other purposes in furtherance of said scheme and artifice to defraud, in violation of Title 18, United States Code, Sections 1341 and 1343.

2.   In furtherance of this conspiracy, and to effect the objects and purposes thereof, various acts were committed by the defendants and their coconspirators within the Southern District of Alabama and elsewhere, including but not limited to the following:

Members of the conspiracy devised a scheme to defraud and obtain money from mortgage lenders and other lenders of money by recruiting "straw borrowers" to purchase real estate located within the Southern District of Alabama and elsewhere. Members of the conspiracy promised the "straw borrowers" that they would provide, in part or in full, funds for the mortgage loan payments for the "straw borrowers" and that, after a period of time, the property would be sold and the "straw borrowers" would receive a percentage of the sale proceeds.

**ADAMS** and **O'STEEN**, and others members of the conspiracy, as part of the scheme to defraud and obtain money from mortgage lenders and other lenders of money, would present and cause the presentation of loan applications to the mortgage lenders and other lenders of money which contained materially false information, misrepresentations and omissions of material fact, to induce and which induced the mortgage lenders and other lenders of money to make mortgage loans they otherwise would not have funded, in the Southern District of Alabama and elsewhere, causing and potentially causing losses to the mortgage lenders and other lenders of money.

3.   (a)   Throughout the course of this conspiracy, in the Southern District of Alabama and elsewhere, various members of the conspiracy, at defendant **ADAMS'** direction, recruited unqualified "straw borrowers" to apply for mortgage loans by promising them a portion of profits from the subsequent sales of the real property.

(b) Throughout the course of this conspiracy, in the Southern District of Alabama and elsewhere, defendants **ADAMS** and **O'STEEN**, and other co-conspirators, used overstated assets, overstated income, and other false qualifying information in mortgage loan applications to obtain mortgage loans, and other extensions of credit in "straw borrowers'" names.

(c) Throughout the course of this conspiracy, in the Southern District of Alabama and elsewhere, coconspirators, at the direction of defendant **ADAMS**, provided checks to "straw borrowers" for the down payment of their purchase of real property secured by the mortgages and for use as mortgage payments.

(d) Throughout the course of this conspiracy, to further the scheme, defendants **ADAMS** and **O'STEEN**, and other co-conspirators, caused commercial interstate carriers to deliver documents from the Southern District of Alabama and elsewhere and caused interstate wire communications, to and from the Southern District of Alabama and elsewhere, to obtain approval for and funding of the mortgage loans and other extensions of credit.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO

The Grand Jury hereby realleges and incorporates by reference herein paragraphs 1 and 2 of Count One of this Indictment as if fully set forth herein.

On or about July 25, 2006, in the Southern District of Alabama and elsewhere, the defendant,

**ERIK ADAMS**, aided and abetted by defendant
**LONNA O'STEEN,**

and by others both known and unknown to the Grand Jury, did knowingly and willfully with intent to deceive and for the purpose of applying for and receiving a mortgage loan for a "straw borrower" from a mortgage lender and other lenders of money, did execute and attempt to execute a scheme

and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations and promises regarding the "straw borrower's" qualifying information, well knowing at the time that the pretenses, representations and promises were and would be false when made.

**ADAMS,** aided and abetted by **O'STEEN** and by others, falsely, fictitiously and fraudulently represented the assets of "straw borrower" Number One in a loan application, which was submitted to a mortgage lender for the purpose of securing a mortgage for a condominium in Gulf Shores, Alabama, and falsely represented that "straw borrower" Number One would be making the payments on the mortgage, when in truth and fact the loan application contained false financial information and did not disclose that **ADAMS** would be making the payments on the mortgage.

In furtherance of the aforesaid scheme to defraud and for the purpose of executing the aforesaid scheme and artifice to defraud, defendant **ADAMS,** aided and abetted by **O'STEEN** and by others, caused the following item to be delivered by commercial interstate carrier, to wit: a letter containing closing documents sent on July 25, 2006 from L.A. Title Insurance Co., Inc., Gulf Shores, Alabama, by way of United Parcel Service (UPS), a commercial interstate carrier, which was delivered to "straw borrower" Number One in Jacksonville, Florida on July 26, 2006.

In violation of Title 18, United States Code, Section 1341 and 2.

### COUNT THREE

The Grand Jury hereby realleges and incorporates by reference herein paragraphs 1 and 2 of Count One of this Indictment as if fully set forth herein.

Between in or about September 2006 and on or about November 28, 2006, in the Southern District of Alabama, and elsewhere, the defendant,

**ERIK ADAMS,** aided and abetted by defendant
**LONNA O'STEEN,**

and by others both known and unknown to the Grand Jury, did knowingly and willfully and with intent to deceive and for the purpose of applying for and receiving a mortgage loan in a "straw borrower's" name, did execute and attempt to execute a scheme and artifice to defraud mortgage lenders and lenders of money and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

On or about November 28, 2006, the named defendants, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, caused to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals and sounds to and from the Southern District of Alabama, as follows: A facsimile sent on November 28, 2006 from Pensacola Guaranty Mortgage in Pensacola, Florida, using telephone number 850-465-0147, to Holyfield Appraisals in Mobile, Alabama, requesting an appraisal on real property located in Gulf Shores, Alabama, said request bearing the signature of defendant **O'STEEN**.

In violation of Title 18, United States Code, Section 1343 and 2.

## COUNT FOUR

The Grand Jury hereby realleges and incorporates by reference herein paragraphs 1 and 2 of Count One of this Indictment as if fully set forth herein.

Between November 3, 2006 and on or about December 5, 2006, in the Southern District of Alabama, and elsewhere, the defendant,

> **ERIK ADAMS,** aided and abetted by defendant
> **LONNA O'STEEN,**

and by others both known and unknown to the Grand Jury, did knowingly and willfully and with intent to deceive and for the purpose of applying for and receiving a mortgage loan in a "straw

borrower's" name, did execute and attempt to execute a scheme and artifice to defraud mortgage lenders and other lenders of money to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

On or about December 5, 2006, the named defendants, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, caused to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals and sounds to and from the Southern District of Alabama, as follows:  A facsimile sent on December 5, 2006 from Pensacola Guarantee Mortgage in Pensacola, Florida, from telephone number 850-465-0147, to Holyfield Appraisals in Mobile, Alabama requesting an appraisal on real property located in Gulf Shores, Alabama, said request bearing the signature of defendant **O'STEEN.**

In violation of Title 18, United States Code, Section 1343 and 2.

## COUNTS FIVE and SIX

The Grand Jury hereby realleges and incorporates by reference herein paragraphs 1 and 2 of Count One of this Indictment as if fully set forth herein.

In or about the dates listed below, in the Southern District of Alabama and elsewhere, defendant

> **ERIK ADAMS,** aided and abetted by defendant
> **LONNA O'STEEN**

and by others both known and unknown to the Grand Jury, knowingly and willfully devised and intended to devise a scheme and artifice to defraud and to obtain money and property from mortgage lenders and other lenders of money, by means of materially false and fraudulent pretenses, representations and promises.

On or about the dates listed below, for the purposes of executing and attempting to execute the aforesaid scheme and artifice to defraud, and in furtherance of the scheme, defendant **ADAMS**, aided and abetted by defendant **O'STEEN** and by others, caused to be transmitted in interstate commerce via internet wire communications certain signs, signals and sounds to and from Pensacola Guaranty Mortgage's internet service located in Pensacola, Florida:

| Count | Interstate Wire Communications Via Internet |
|---|---|
| 5 | An e-mail sent on July 26, 2006, from Pensacola Guarantee Mortgage's Closing Department in Pensacola, Florida, via the internet to **ERIC ADAMS** at Pensacola Guarantee Mortgage in Pensacola, Florida, and to L.A. Title Insurance Co., Inc. in Gulf Shores, Alabama, notifying **ADAMS** and L.A. Title Insurance Co., Inc. that a condominium located in Gulf Shores, Alabama was "Clear to Close." |
| 6 | An e-mail sent on December 1, 2006, from Seaside Title Company, LLC, in Gulf Shores, Alabama, in the Southern District of Alabama, via the internet to **LONNA O'STEEN** at Pensacola Guarantee Mortgage in Pensacola, Florida, notifying **O'STEEN** of the title commitments for a condominium located in Gulf Shores, Alabama. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SEVEN

Upon conviction of one or more of the offenses alleged in Counts One through Six of this Indictment, defendants

**ERIK ADAMS and
LONNA O'STEEN**

shall forfeit to the United States pursuant to Title 18 United States Code, Sections 982(a)(2), and Title 28 United States Code, Section 2461(c) any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of the said violation.

If, as a result of any act or omission of the defendant, any property subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third person;

  c.  has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 18, United States Code, Section 982 (b) and Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

  All pursuant to Title 18, United States Code, Sections 982 (a) and (b); Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p).

             A TRUE BILL

             _____
             FOREMAN, UNITED STATES GRAND JURY
             SOUTHERN DISTRICT OF ALABAMA

KENYEN R. BROWN
UNITED STATES ATTORNEY
By:

*/s/ Deborah A. Griffin*
Deborah A. Griffin
Assistant U.S. Attorney

*/s/ Sean P. Costello for*
Maria E. Murphy
Assistant U.S. Attorney
Chief, Criminal Division     APRIL 2010